UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENISE BARTHOLOMEW** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-4165** |
| **BAIL BONDS UNLIMITED, INC., ET AL** | **SECTION K(2)** |

The defendant, Bankers Insurance Company (improperly named in the Complaint as Bankers Insurance Company of Florida) ("Bankers"), filed a Motion to Dismiss (Rec. Doc. 15), which came before the Court for hearing on May 17, 2006. Oral argument was waived by the parties and the matter was taken under submission on the briefs only. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**ORDER AND REASONS**

**I.   BACKGROUND**

This suit arises out of a cause of action filed by plaintiff, who alleges civil rights violations, civil RICO claims, Sherman Anti-Trust violations, and pendent state law causes of action centering around the activities of the defendants Louis and Lori Marcotte, and their bail

bonding company, Bail Bonds Unlimited ("BBU").  The plaintiff alleges that the Marcottes, the alter ego for their company, BBU, acted in concert with the other named defendants to obtain a monopoly in the bail bond industry for the geographical region of Jefferson Parish.  At all relevant times Bankers was the insurance underwriter for BBU.

Bankers filed this Motion to Dismiss on the grounds that the Complaint does not state a valid cause of action against it, and as such, plaintiff's Complaint should be dismissed with prejudice.  In the alternative, Bankers asserts that it is entitled to a Motion to Dismiss on the grounds that any cognizable cause of action the plaintiff might have had against Bankers under 42 U.S.C.A. §§ 1983-1985 and Louisiana state law had already prescribed at the time of the filing of the Complaint.

Subsequent to the filing of the Motion to Dismiss, plaintiffs filed a First Amended Complaint (Rec. Doc. 38), which set forth, in more detail, the factual allegations regarding the activities of the defendants.  The defendant's written consent to the filing of the First Amended Complaint was attached.  Plaintiff added Paragraph 51.1 in the Amended Complaint alleging that Bankers took part in the "Rollout" to maximize profits unlawfully.  Paragraph 51.1 alleges the details of the "Rollout" scheme and specifically alleges Bankers played an integral part in the scheme.  The amendment also alleges that by taking part in the scheme Bankers associated with the racketeering enterprise and committed more than two felonious predicate acts in violation of Title 18 U.S.C. §§ (c) & (d) and Title 18 U.S.C. §§ 1341 and 1346.

## II.     LAW AND ANALYSIS OF THE COURT

### A.     Motion to Dismiss for Failure to State a Claim

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true.  *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980).  A district court may not dismiss a complaint under FRCP 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  The Fifth Circuit defines this strict standard as, "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowrey v. Texas A&M University System,* 117 F.3d 242 (5th Cir. 1997), citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969).

The defendant argues in its Motion to Dismiss that the plaintiff's Complaint is devoid of any factual allegations which would support the requisite element of conspiracy.  However, the subsequent filing of plaintiff's First Amended Complaint has cured the grounds for dismissal on these grounds.  The plaintiff argues, and this Court agrees, that the allegations set forth in the original Complaint and the First Amended Complaint, address the deficiencies discussed in the defendant's memorandum.  The Court notes that it is not ruling on whether the plaintiff has, or is

able to, satisfy the elements required to prevail on a RICO cause of action.[1]  At this time, the Court finds that plaintiff's Complaint and First Amended Complaint state a valid claim for relief, based upon the limited scope of Banker's motion.

**B.     Motion to Dismiss for Prescription**

Plaintiff asserts that the Racketeering defendants, which includes Bankers Insurance Company, conspired with each other, while acting under the color of law, to violate her civil rights under the 5th and 14th amendment, and by causing the arbitrary and unreasonable defacto suspension of her Bail Bond License.  *See* Plaintiff's Complaint ¶98.  Plaintiff further asserts in her Complaint that, "Beginning in or about 1991 and continuing until September, 2004, Bail Bonds Unlimited provided commercial surety bail bonds for individuals who had been arrested for crimes and/or offenses in Jefferson Parish, Louisiana,..."  *See* Plaintiff's Complaint ¶52.

A statute of limitations may support dismissal under Rule 12(b)(6) where it is evidence from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.  *Jones v. Alcoa, Inc*., 339 F.3d 359, 366 (5th Cir. 2003).  In an action brought in federal court pursuant to § 1983, the court borrows from the forum state's statute of limitations for personal injury actions.  *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995).  In Louisiana, the applicable rule of limitations is the one-year prescriptive period established by Article 3492 of the Louisiana Civil Code.  *Id.; See also Detro v. Roemer*, 739 F.Supp. 303, 305 (E.D. La. 1990).  In *Detro v. Roemer*, the court held that in the context of a §1983 action, where

---

[1] Any RICO claim necessitates "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct or control of an enterprise." *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995)(citing *Delta Truck & Tractor, Inc. v. J.I. Case. Co.*, 855 F.2d 241, 242 (5th Cir. 1988)).

conspiracy is alleged, the cause of action runs separately from each overt act that is alleged to have caused damage to the plaintiff. 739 F.Supp. at 305. The plaintiff may recover only for the overt running of the statue of limitations by asserting that a series of separate wrongs were committed pursuant to a conspiracy. *Id.*

The plaintiff submits that she began to discover her injuries and the basis for these injuries on September 1, 2004, when the last individual member of the conspiracy was convicted. She contends that despite the fact that the suit was filed fourteen days after the September 1, 2005 deadline, the suit is timely due to the suspension and/or extension of prescription attributed to Hurricane Katrina.[2] Accordingly, plaintiff argues that the September 1, 2005 deadline falls within the suspension period and therefore, she has complied with La. R. S. 9:5822 by filing her complaint on September 15, 2005.

The Court notes that the limitations period commences when the plaintiff learns or should have learned of the injury. On March 13, 2003, the first member of the conspiracy, Guy Mayard Crosby, was convicted upon voluntary plea of guilty.[3] The Factual Basis signed by Crosby sets forth, in detail, the scheme to monopolize the bail bond business in Jefferson Parish.[4] There is no allegation that the conspiracy continued beyond the date of the first guilty plea. The Court

---

[2]La. R. S. 9:5822 states, in pertinent part: A. All prescriptions, including liberative, acquisitive, and the prescription of nonuse, and all peremptive periods shall be subject to a limited suspension and/or extension during the time period of August 26, 2005, through January 3, 2006; however, the suspension and/or extension of these periods shall be limited and shall apply only if these periods would have otherwise lapsed during the time period of August 26, 2005, through January 3, 2006.

[3]See Plaintiff's Complaint ¶ 83.

[4]*Id* at ¶ 84.

finds that, as a matter of law, the plaintiff should have known of the actions taken by the defendants when the first conspirator was charged by Bill of Information, on March 13, 2003. Therefore, any cause of action that might have existed under § 1983 has prescribed.

For the same reasons, plaintiff's state law claims for violations of the Louisiana Constitution of 1974, the Declaration of Rights, and the Equal Protection and Due Process Clauses, under LSA R.S. 51:123 and LSA- C.C. Art. 3492 have prescribed.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss filed on behalf of defendant Bankers Insurance Company, be and the same is hereby **GRANTED IN PART AND DENIED IN PART.**

New Orleans, Louisiana, this  30th day of August, 2006.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**