## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENISE BARTHOLOMEW** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-4165** |
| **BAIL BONDS UNLIMITED, INC., ET AL** | **SECTION K(2)** |

The defendant, Bail Bonds Unlimited, Inc., Marcotte Inc., Louis M. Marcotte, III, and Lori Marcotte ("the Marcotte Defendants"), filed a Motion to Dismiss (Rec. Doc. 48), which came before the Court for hearing on February 21, 2006.  Oral argument was waived by the parties and the matter was taken under submission on the briefs only.  The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### ORDER AND REASONS

### I.    BACKGROUND

This suit arises out of a cause of action filed by plaintiff, who alleges civil rights violations, civil RICO claims, Sherman Anti-Trust violations, and pendent state law causes of action centering around the activities of the defendants Louis and Lori Marcotte, and their bail

bonding company, Bail Bonds Unlimited ("BBU").  The plaintiff alleges that the Marcottes, the alter ego for their company, BBU, acted in concert with the other named defendants to obtain a monopoly in the bail bond industry for the geographical region of Jefferson Parish.

The Marcotte Defendants assert that they are entitled to a Motion to Dismiss on the grounds that any cognizable cause of action the plaintiff might have had against them under 42 U.S.C.A. §§ 1983-1985 and Louisiana state law had already prescribed at the time of the filing of the Complaint.  One of the original defendants, Bankers Insurance Company ("Bankers"), filed a Motion to Dismiss (Rec. Doc. 15) on February 24, 2006, on the grounds that the Complaint did not state a valid cause of action against it.  In the alternative, Bankers asserted that they were entitled to a Motion to Dismiss on the grounds that any cognizable cause of action the plaintiff might have had against Bankers under 42 U.S.C.A. §§ 1983-1985 and Louisiana state law had already prescribed at the time of the filing of the Complaint.  Subsequent to the filing of the Motion to Dismiss, plaintiffs filed a First Amended Complaint, setting forth more detailed allegations regarding the activities of the defendants (Rec. Doc. 38).

In its order and reasons, this Court held that the subsequent filing of plaintiff's First Amended Complaint cured the grounds for dismissal for failure to state a claim (Rec. Doc. 41). This Court found that plaintiff's Complaint and First Amended Complaint in fact stated a valid claim for relief.  However, the Court found that any action that might have existed under § 1983 had prescribed (Rec. Doc. 41).  The Court noted that the limitations period commences when the plaintiff learns or should have learned of the injury.  Because the first member of the conspiracy

was convicted upon a voluntary plea of guilty on March 13, 2003,[1] the Court found that, as a matter of law, the plaintiff should have known of the actions taken by the defendants on that date.  Since plaintiff did not file her Complaint until September 15, 2005, the Court held that she had not complied with La. R. S. 9:5822.[2]

## II.    LAW AND ANALYSIS OF THE COURT

A statute of limitations may support dismissal under Rule 12(b)(6) where it is evidence from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.  *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).  In an action brought in federal court pursuant to § 1983, the court borrows from the forum state's statute of limitations for personal injury actions.  *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995).  In Louisiana, the applicable rule of limitations is the one-year prescriptive period established by Article 3492 of the Louisiana Civil Code.  *Id.; See also Detro v. Roemer*, 739 F.Supp. 303, 305 (E.D. La. 1990).  In *Detro v. Roemer*, the court held that in the context of a §1983 action, where conspiracy is alleged, the cause of action runs separately from each overt act that is alleged to have caused damage to the plaintiff.  739 F.Supp. at 305.  The plaintiff may recover only for the overt running of the statue of limitations by asserting that a series of separate wrongs were committed pursuant to a conspiracy.  *Id.*

---

[1]See Plaintiff's Complaint ¶ 83.

[2]La. R. S. 9:5822 states, in pertinent part:  A.  All prescriptions, including liberative, acquisitive, and the prescription of nonuse, and all peremptive periods shall be subject to a limited suspension and/or extension during the time period of August 26, 2005, through January 3, 2006; however, the suspension and/or extension of these periods shall be limited and shall apply only if these periods would have otherwise lapsed during the time period of August 26, 2005, through January 3, 2006.

The plaintiff submits that she began to discover her injuries and the basis for these injuries on September 1, 2004, when the last individual member of the conspiracy was convicted (Rec. Doc. 41). She contends that despite the fact that the suit was filed fourteen days after the September 1, 2005 deadline, the suit is timely due to the suspension and/or extension of prescription attributed to Hurricane Katrina. Accordingly, plaintiff argues that the September 1, 2005 deadline falls within the suspension period and therefore, she has complied with La. R. S. 9:5822 by filing her complaint on September 15, 2005.

However, in its August 30, 2006 order and reasons, this Court found that the state law causes of action in the complaint, as well as the cause of action under the Federal Civil Rights Act, 42 U.S.C. § 1983, had prescribed because the instant suit was filed more than one year after the plaintiff learned or should have learned of her alleged injury (Rec. Doc. 41). The Marcotte Defendants now seek to have the Court's prior ruling expressly applied to these causes of action as they relate to the Marcotte Defendants. This Court finds that the prescriptive period in this case for both the state law causes of action, as well as the civil rights claim which borrows from state law, is one year and the complaint in this case was filed more than one year after the March 13, 2003 date on which the first co-conspirator was criminally charged by the government. Therefore, these causes of action have prescribed as to the Marcotte Defendants.

For the same reasons, plaintiff's state law claims for violations of the Louisiana Constitution of 1974, the Declaration of Rights, and the Equal Protection and Due Process Clauses, under LSA R.S. 51:123 and LSA- C.C. Art. 3492 have prescribed.

Accordingly,

4

**IT IS ORDERED** that the Motion to Dismiss the State Law and the Civil Rights Causes of Action Based on Prescription is hereby **GRANTED.**

New Orleans, Louisiana, this 28th day of ~~February~~ March, 2007

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

5