UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DENISE BARTHOLOMEW**                          **CIVIL ACTION**

**VERSUS**                                      **NO. 05-4165**

**BAIL BONDS UNLIMITED, INC., ET AL**           **SECTION K(2)**

The defendant, Bail Bonds Unlimited, Inc., Marcotte Inc., Louis M. Marcotte, III, and Lori Marcotte ("the Marcotte Defendants"), filed a Motion to Dismiss the Antitrust Claims Pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure (Rec. Doc. 56), which came before the Court for hearing on February 21, 2007. Oral argument was waived by the parties and the matter was taken under submission on the briefs only. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

**I.      BACKGROUND**

This suit arises out of a cause of action filed by plaintiff, who alleges civil rights violations, civil RICO claims, Sherman Anti-Trust violations, and pendent state law causes of

action centering around the activities of the defendants Louis and Lori Marcotte, and their bail bonding company, Bail Bonds Unlimited ("BBU").  On December 6, 2006, the Marcotte Defendants filed a motion seeking dismissal of the Civil Rights Act and state law claims based on the Court's August 30, 2006 ruling that these claims had prescribed as to another defendant. The present motion seeks dismissal of Plaintiff's antitrust claims.

The Plaintiff claims that the Marcotte Defendants violated federal antitrust law, particularly Section 1 and 2 of the Sherman Antitrust Act, in that all defendants engaged in a conspiracy to monopolize the commercial bail bond business in Jefferson Parish, Louisiana. (Rec. Doc. 49, Complaint, ¶ 1 & 10-17). Specifically, the complaint alleges that "the 'roll out' scheme was created by the Racketeering Enterprise, Marcotte III, BBU and Bankers participation therein, for the sole purposes of maximizing BBU's profits, hindering oppressing and suppressing BBU's competition, including but not limited to the competition from Plaintiff, in the Bail Bond Business within Jefferson Parish, Louisiana..." (Rec. Doc. 56).  These violations involved a conspiracy with a variety of government actors, including Sheriff's Deputies and Judges, who were unlawfully influenced, including through bribery, to treat the Marcotte Defendants' bail bond business favorably and to the detriment of the plaintiff (Rec. Doc. 49).  The Complaint alleges that "the Racketeering Enterprise then ordered the authoritative staff of the Jefferson Parish Jail at Gretna, Louisiana, which it controlled through bribes, gifts and favors . . . to allow the Racketerring Enterprise and BBU to take custody of all the arresters whose bonds had been set at $2500 or less, each morning (Rec. Doc. 56).

The Marcotte Defendants, however, seek dismissal of the antitrust causes of action based

on the rules of the *Noerr-Pennington* doctrine, which provides immunity from the antitrust laws. This doctrine shields the actions of private individuals seeking anticompetitive action from the government.  In Plaintiff's opposition to Defendant's Motion to Dismiss, plaintiff claims that the defendant's activities alleged in the Complaint are not protected by the Noerr-Pennington Doctrine, rather they fall within the "sham exception" to that Doctrine.

## II.  LAW AND ANALYSIS OF THE COURT

### A.  Motion to Dismiss for Failure to State a Claim

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true.  *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980).  A district court may not dismiss a complaint under FRCP 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  The Fifth Circuit defines this strict standard as, "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowrey v. Texas A&M University System,* 117 F.3d 242 (5th Cir. 1997), citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969).

Plaintiff asserts that the Marcotte Defendants, and their Co-Defendants violated federal antitrust and laws by when they acted as a Criminal RICO enterprise for the sole purpose of maintaining a monopoly within the Parish of Jefferson (Rec. Doc. 56).  Plaintiff claims they

were prevented from having access to the Louisiana Judiciary by the actions of the Defendants in concert with Official Public Custodians.  The Marcotte Defendants contend that the *Noerr-Pennington* doctrine shields them from liability for the alleged violations of the Sherman Act and the antitrust causes of action in the complaint.

### B. Noerr-Pennington Doctrine

Section 1 of the Sherman Act prohibits "[e]very contract, combination . . . or conspiracy" that unreasonably restrains interstate for foreign trade.  *See* 15 U.S.C. § 1 (West 2000).  The *Noerr-Pennington* doctrine instructs that the federal antitrust laws do not regulate the conduct of private individuals in seeking anticompetitive action from the government.  *Astoria Entertainment, Inc. v. Edwards*, 159 F.Supp.2d 303, 320 (E.D. La. 2001) (citing *City of Columbia v. Omni Outdoor Adver., Inc.*, 499 U.S. 365, 379-380, 111 S.Ct. at 1335-54  (1991).  That doctrine, distilled from two Supreme Court cases, and based upon political and constitutional concerns, instructs that the Sherman and Clayton Acts do not reach political activities, no matter how nefarious those activities may be.  *Id.*  The *Noerr-Pennington* applies to private parties seeking government action.  *Id.*  In *Eastern Railroad Presidents Conference v. Noerr Motor Freight*, 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961), the Supreme Court relied upon basic statutory construction and constitutional theory to find that the Sherman Act cannot be predicated upon attempts to influence the passage of enforcement of laws.  *Id.* (citing *Eastern,* 365 U.S.  at 136, 81 S.Ct. at 528*).*  The Court held that "the Sherman Act does not prohibit two or more persons from associating together in an attempt to persuade the legislature or executive to take particular action with respect to a law that would produce a restraint or

monopoly." *Id*. In *United Mine Workers of America v. Pennington*, 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965), a case involving attempts to influence the Secretary of Labor to set a higher minimum wage, the Court extended *Noerr*, stating that, " *Noerr* shields from the Sherman Act a concerted effort to influence public officials regardless of intent or purposes." *Id.* (citing *Pennington*, 381 U.S. at 670, 85 S.Ct. 1585, 85 S.Ct. at 1593.)  *Pennington* 's significance lies in the fact that it entailed more than the general lobbying activity seen in *Noerr*, but immunized lobbying directly to executive officials with commercial functions. *Id.* at 321.

*Noerr-Pennington*'s reach was magnified by the Court in *City of Columbia v. Omni Outdoor Adver., Inc.*, 499 U.S. 365,, 111 S.Ct.  1344 (1991)*,* in that the Court held no conspiracy exception existed for *Noerr-Pennington*, even one limited to situations involving "some element of unlawfulness." *Id. (*citing *Omni* at 499 U.S. at 383, 111 S.Ct. at 1356.)  By stating that there is no conspiracy exception to the *Noerr-Pennington* doctrine, the Supreme Court overruled those prior cases, such as *Allied Tube & Conduit Corp. v. Indian Head, Inc*., 486 U.S. 492, 108 S.Ct. 1931, 100 L.Ed.2d 497 (1988), which stated that corrupt practices in connection with lobbying activities stripped an actor's immunity. *Id.*  Indeed, the Court definitively stated that "[g]iving full consideration to this matter for the first time, we conclude that a "conspiracy exception" to *Noerr* must be rejected*." Id.*  Overall, Noerr-Pennington stands for the proposition that any type of conspiracy exception would have nothing to do with the policies of the antitrust laws." *Id.*

 The result of these cases is that, as a general rule, lobbying and other efforts to obtain legislative, executive, judicial and quasi-judicial actions do not violate the antitrust laws. *Id. (See Acoustic Systems v. Wenger Corp*., 207 F.3d 287 (5th Cir.2000); *See also Bayou Fleet, Inc.*

*v. Alexander*, 234 F.3d 852, 862 (5th Cir.2000) (citations omitted)). *Noerr* shields from the Sherman Act a concerted effort to influence public officials regardless of intent or purpose." *Id.* (citing *Omni*, 499 U.S. at 380, 111 S.Ct. at 1354).

However, the *Noerr-Pennington* doctrine does have one exception: it does not shield petitioning activity that is "a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor." *Livingston Downs Racing Ass'n v. Jefferson Downs, Corp.*, 192 F.Supp.2d 519, 530 (M.D. La.2001) (citing *Noerr*, 365 U.S. at 144). Under this sham exception, if the petitioner seeks "to use the governmental process-as opposed to the outcome of that process-as an anticompetitive weapon," the petitioning activity will not be protected from antitrust liability. *Id.*; see also *Columbia v. Omni Outdoor Adver., Inc.*, 499 U.S. 365, 380 (1991). The sham exception governs situations in which the petitioner's "activities are not genuinely aimed at procuring favorable governmental action." See *Allied Tube & Conduit Corp.*, 486 U.S. 492, 500 n.4 (1988). The absence of a genuine desire for governmental action may be evidenced by "a pattern of baseless, repetitive claims" indicating that "the administrative and judicial processes have been abused." *Livingston*, 192 F.Supp.2d at 530 (citing *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 513 (1972)).

In her opposition, Plaintiff only mentions the "sham exception," but fails to apply it to the facts of this case (Rec. Doc. 56). Plaintiff defines defendant's activities and states that once those factual allegations are taken as true, "it becomes clear" the sham exception applies. However, the Plaintiff fails show how defendant's activities were not genuinely aimed at

procuring favorable governmental action. The Plaintiff asserts the Marcotte Defendants controlled the staff of the Jefferson Parish Jail through "bribes, gifts and favors," and they did this in order to allow them to take custody of all the arresters whose bonds had been set at $2500 or less, each morning.  Clearly, the Defendants' actions represent a good-faith effort to petition the Government for favorable action.  The author of the memorandum even states that he "is not sure that the sham exception applies to the foregoing activities" (Rec. Doc. 56).

The sham exception will apply if the petition seeks to use the governmental process, as opposed to the outcome, as an anticompetitive weapon.  See *Livingston*, 192 F.Supp.2d at 530. Here, the Plaintiff claims that the "roll out" scheme was created "for the sole purposes of maximizing BBU's profits, hindering, oppressing and suppressing BBU's competition..." Therefore, the Marcotte Defendants clearly sought to use the outcome of maximizing their profits and hindering competition, as an anticompetitive weapon.  They were not merely using the governmental process as a method which, in itself, would injure plaintiff.  This Court finds that the *Noerr-Pennington* Doctrine applies to the facts of this case, and the Marcotte Defendants are immune from Sherman Act liability.  Therefore, the antitrust causes of action in the complaint should be dismissed.

For the foregoing reasons,

**IT IS ORDERED** that the Defendant's Motion to Dismiss the Antitrust Claims is hereby **GRANTED.**

New Orleans, Louisiana, this  5th   day of April, 2007

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**